Curia, per

Earle, J.
The commissioners appointed to execute the writ, act under the authority of the Court, and the sanction of an oath. In this case, they all united in the execution of the power confided to them, and in the most formal manner have made their joint return, setting forth the mode in which they have performed their duty. They state, distinctly, the fact that they went upon the land, and appraised its value at the time of the alienation by the husband ; and the question is, shall the Circuit Court refuse to confirm that return, on the affidavit of two only, out of the five commissioners, *tliat in valuing the land, they referred to the death of the husband, and not to the time of alienation ; and the affidavit of the plaintiff, that he had no notice. It seems to be rather a question of practice or discretion, than of principle. There is no doubt that a Circuit Judge may withhold confirmation of such a return, either in dower, partition, or in any other proceeding, and allow further time, on such showing as satisfies him that there has been error or mistake, or any departure from established legal rules. To confirm or to withhold confirmation for a term,(a) becomes then a matter of discretion, to be exercised so as not to delay one whose right is clear, on the one hand, and not to sanction error and do injustice by precipitation, on the other. In this case, the return was perfect; the mode of proceeding was exactly conformable to legal rules ; and was verified by the oath of all the commissioners. This, to say the least, is entitled to full credit, rather than the exparte affidavit of two of them. Had these last entered into any explanations of the mode and grounds of proceeding, so as to show that the commissioners were mistaken in point of fact or law ; or, had a majority of them come forward, and presented the same ground, and suggested to have the subject recommitted, to correct errors ; or, had the defendant, on the filing of the return, taken a rule to show cause, or given notice of his motion to the other commissioners, then, in the absence of any sufficient explanation, the confirmation of the return might properly have been witheld, or the return set aside, and the subject recommitted. But the single fact stated in the affidavit of the two commissioners, is in direct conflict with their return. They have, in fact, sworn both ways; and I do not perceive that such a case was made out as to require that the Circuit Judge should have set aside the return, or withheld the confirmation. And I think that this is the more obvious from the fact that the defendant, in his affidavit, docs not swear that the valuation is too high, or that any injustice is done to him. In the opinion of a majority of the court, it was a question addressed rather to the *22 discretion of the Judge ; and as the return was unexceptionable on its face, it was for him to be satisfied with the evidence aliunde to impugn it. And although they might have come to a different conclusion, and decided differently they do not feel at liberty to interfere with his judgment. We are all ^agreed that the want of notice was no ground to oppose the confirmation of the return. The summons and the writ described the land on which dower was to be admeasured or assessed, and the verdict had found that the defendant was in possession. Nothing more was needed.
Wardlaw and Perrin, for the motion. Burt and Thompson, contra.
Motion refused :
the whole court concurring.

 Discretion of the Judge. See 7 Rich. 535. 2 Rich. 78. Post. 159, 191, 339. 4 Rich. 466. 10 Rich. 141. 9 Rich. 133, 454. 8 Rich. 451. Harp. 400. 2 Sp. 167, 265. 5 Strob. 87. 3 Strob.432. Rice, 298, &c., &c. An.